UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH CAPERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES JUSTICE DEPARTMENT,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-cv-00156-BEN-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*;<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

On January 26, 2017, Plaintiff James Joseph Capers filed a civil Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP"), and a Motion for Appointment of Counsel. (Docket Nos. 1-3.) For the reasons stated below, the Motion to Proceed IFP is **GRANTED**, the Motion for Appointment of Counsel is **DENIED**, and the Complaint is **DISMISSED without prejudice.**

I.   **Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff indicated that she is homeless, unemployed and receives no income other than food stamps in the amount of $198.00 per month. (Docket No. 2 at ¶¶ 1-2, 8.) Thus, Plaintiff has sufficiently stated that she cannot afford to pay the filing fee. (Docket No. 2 at ¶ 11.) Accordingly, the Motion to File IFP is **GRANTED**.

## II. Motion to Appoint Counsel

Plaintiff has moved for the appointment of counsel, on the sole grounds that she does not have the money to pay an attorney. (Docket No. 3.)

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

At this time, the Court cannot say there is any likelihood of success on the merits.[1] Moreover, Plaintiff fails to demonstrate an inability to represent herself beyond the ordinary burdens encountered by plaintiffs representing themselves *pro se*, or that she has even attempted to obtain counsel to represent him. *See Garcia v. Smith*, No. 10-cv-1187,

---

[1] As will be described in further detail below, Plaintiff's Complaint does not contain sufficient facts to state a claim for relief.

2

2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012) ("Merely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel."). Therefore, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Plaintiff's Motion is **DENIED**.

### III. Section 1915 Screening

#### A. Legal Standard

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

1    While a plaintiff's factual allegations are taken as true, courts "are not required to
2 indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th
3 Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an
4 obligation where the petitioner is pro se, particularly in civil rights cases, to construe the
5 pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*,
6 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1
7 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially
8 pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). In the Complaint, Plaintiff "accuses the United States Government Administration" of the following actions:

> Sexual Assault, Verbal Harassment, Bulling [sic], interstate Slaking [sic], discrimination and prejudice to Transgender Violations of Civil Rights [sic], undercover operations, unwarranted phone taps, video and personal surveillance. This also includes Religious Persecution an direct attacks [sic] regarding beliefs and practices. Lastly, blocking and stopping open Business Services and communications, refusal to provide US Pass Port [sic] with proper documentation as required by Federal Regulations . . .

(Docket No. 1 at 2.) The remainder of the 4-page Complaint consists of nonsensical and seemingly irrelevant assertions regarding Plaintiff's "creations and inventions," groundless accusations of misconduct by "the government," and vague conclusions that "the government" discriminated against him for being transgender. (*Id.* at 2-5.)

Even construing the documents liberally, the Court finds Plaintiff has failed to state any claim for relief as the Complaint is devoid of any factual allegations to support any of the asserted claims.

In short, Plaintiff's Complaint falls well below the requirement to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). Accordingly, the Complaint is **DISMISSED**. However, the Court grants Plaintiff leave to file a First Amended Complaint that cures the deficiencies noted above.

## CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**. Plaintiff's Motion for Appointment of Counsel is **DENIED**. The Complaint is **DISMISSED without prejudice** for failing to state a claim. Plaintiff is granted **thirty (30) days** from the date of this Order to file a first amended complaint ("FAC") that cures the deficiencies identified in this Order. If Plaintiff does not file an FAC, this action shall remain closed without further order of the Court.

**IT IS SO ORDERED.**

DATED: February __, 2017

HON. ROGER T. BENITEZ
United States District Judge